A. J. LOPEZ *vs.* M. KAIAIKAWAHA and I. KAIAIKA-WAHA, her husband, and AH SAM.

EXCEPTIONS.

HEARING, MARCH 20, 1893.  DECISION, APRIL 17, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A new trial will not be granted (1) on the ground that the verdict is against the weight of evidence, when it does not appear that there is a manifest preponderance of evidence against the verdict; or (2) on the ground of surprise as to the defence of title by adverse possession set up under an answer of general denial, when it does not appear that the plaintiff had sufficient reason for believing that such defense would not be set up; or (3) on the ground of newly discovered evidence, when the evidence might have been discovered before the trial by the exercise of reasonable diligence, or when the evidence is merely cumulative, or when it is not of such a nature as to make it probable that a new trial would result in a different verdict.

Surprise is not a favored ground for granting a new trial.

In case of surprise the better practice is for the party alleging surprise to move for a continuance of the trial or for a non-suit.

A sheriff's deed of land sold in pursuance of an execution issued upon a judgment of a District Court, a transcript of which judgment has not been docketed in the Supreme Court, does not pass a legal title to the land.

A sheriff's deed of land upon an execution sale conveys only the interest which the judgment debtor has in the land at the time of the sale.

A title afterwards acquired by the judgment debtor does not inure to the benefit of the purchaser at the execution sale.

OPINION OF THE COURT, BY FREAR, J. .

This is an action of ejectment to recover a piece of land situate at Waialua, Oahu, the same being a part of the land described in Royal Patent 585 issued to Kawaihao. The case was tried at the January term, 1892, of the Supreme Court, before Judd, C. J., and a jury, and resulted in a verdict for the defendant. The case comes to this Court upon exceptions to the refusal of the presiding Justice to grant the plaintiff's motion for a new trial, based on the following grounds:

1.   That the verdict was contrary to the law and the evidence.

2.   Surprise of plaintiff in the defense set up by defendants of title by adverse possession.

3.   Newly discovered evidence consisting of the testimony of certain witnesses upon the issue of adverse possession.

4.   Error in the charge of the presiding Justice to the jury that a certain sheriff's deed on an execution sale did not pass a legal title because the District Court judgment, on which the execution appeared to have been issued, had not been docketed in the Supreme Court.

5.   Newly discovered evidence that said judgment was rendered by a Circuit Judge.

As to the ground that the verdict was contrary to the law and the evidence, nothing more is claimed by counsel than that the evidence greatly preponderated in favor of the plaintiff on the issue of adverse possession. This of itself is not sufficient to justify a court in setting aside a verdict, where the evidence is conflicting as it is in this case. But upon a careful review of the evidence, we cannot say that it preponderated greatly if at all in favor of the plaintiff,

The second ground for the motion, namely, surprise as to the defense of adverse possession, is supported by an affidavit, in which the plaintiff deposes that he had made diligent inquiry as to the ground of defense relied upon by defendants, but could not ascertain that they relied upon adverse possession, and that he understood it was conceded by everyone that up to eight years ago the land was in the possession of plaintiff and his grantor.    Surprise is not looked upon with favor by courts as a ground for granting a new trial.    In the nature of the case, it is easy for a defeated party to allege surprise, and difficulty for his opponent to show that the surprise is not feigned.    A plaintiff especially should be required to make out a very clear case of surprise, for he chooses his own time for bringing his action, and has ample opportunity to prepare for trial, and in ejectment must rely upon the strength of his own title rather than upon the weakness of his opponent's title.    Furthermore, he is able to protect himself by suffering a non-suit.    To entitle a plaintiff to a new trial on the ground of surprise as to a defense set up by the defendant, it must appear clearly that the plaintiff not only did not know of the defense but that he could not by reasonable diligence have known it, and that he had sufficient reason to believe that the defense would not be set up.    In the case at bar the defendants filed an answer of general denial.    There was no law or rule of court requiring them to specially plead or give notice of the defense of adverse possession.    It was competent for the defendants under the pleadings to make this defense, and this the plaintiff must be presumed to have known as matter of law.    It does not appear that he had sufficient reason for supposing that this defense would not be made as a matter of fact.    His affidavit does not show that the defendants misled him as to their claim or title, or even that they claimed title in any other way than adverse possession.    He must have supposed that they would or might set up some title, and what more probably than title by adverse possession, especially considering the frequency of such defenses among the Hawaiians.

The plaintiff says he made diligent inquiry, but could not as-
certain that this defense would be set up; but he does not
set forth what he did, so as to enable the Court to say
whether he made diligent inquiry or not. His mere say so
is not sufficient. That is a conclusion for the Court to make
from the facts presented. If he had shown that he had in-
quired of the defendants themselves, and that they had mis-
led him, there might have been good ground for a new trial.
Further, in this particular case the plaintiff did not show
even a good documentary title under which he claimed, and,
so far as appears from the facts of the case, he must have
recovered, if at all, upon a title in himself by adverse pos-
session. He cannot now be permitted to say that he was
ignorant of the insufficiency of his title by purchase and of
the necessity of his relying on title by adverse possession;
and, if so, was it reasonable in him to suppose that no coun-
ter title by adverse possession might be set up by the defen-
dants? We may add that the better practice in cases of
surprise is for the party alleging surprise to move for con-
tinuance of the trial or for a non-suit, and not first take his
chances on the verdict and then move for a new trial.

The third ground for the motion, obviously falls with the
second ground. The alleged newly-discovered evidence might
easily have been discovered before the trial if it had been
sought for. It was not sought for because plaintiff took it
for granted that it would not be needed. Indeed, the plain-
tiff shows by his affidavit that he knew at least where to
look for the evidence. The evidence would, moreover, at
best, have been merely cumulative.

The fourth and fifth grounds for the motion may be consid-
ered together. At the trial the plaintiff offered in evidence a
document which he claimed was a sheriff's deed on an execu-
tion sale of the land in question to the plaintiff's grantor.
This document was very defective in several respects, and
did not show, nor was it shown by other evidence, out of
what court the execution issued. It seems to have been
considered by plaintiff's counsel as well as by the presiding

Justice that the execution was issued upon a judgment of a District Court, and it did not appear that a transcript of the judgment had first been docketed in the Supreme Court. The document was admitted as evidence on the question of adverse possession, but the jury was instructed that it did not pass the legal title to the plaintiff's grantor, because a transcript of the judgment had not first been docketed in the Supreme Court, this being required by statute as an essential pre-requisite to an issuance of execution upon a judgment of a District Court upon real property. This instruction was undoubtedly correct. *Lindsey vs. Kainana,* 4th Haw., 165.

The plaintiff's counsel urges as a further ground for a new trial, that new evidence, set forth in an affidavit on file, has been discovered since the trial, showing that the judgment upon which the execution issued was a judgment of a Circuit Judge of Oahu and not of a District Court as appeared at the trial. Without considering whether due diligence was exercised in searching for the record of the Circuit Court before the trial, or whether the record shows all that is claimed, it is sufficient to say that for other reasons the execution deed would not be admissible as evidence of title in the plaintiff. A new trial will not be granted on the ground of newly discovered evidence, unless the evidence is on a material point and of such a nature that a new trial would probably result in a different verdict. By the plaintiff's own showing the land which it is claimed was sold on execution and conveyed to plaintiff's grantor, did not belong to the judgment debtor, but to his wife, the judgment debtor having only the marital right of use and possession and an initiate right by curtesy. "No sale by execution shall operate to convey a greater estate or interest in the property sold, than the defendant in execution had at the time of such sale." Civil Code, Section 1027. Such would also be the law in the absence of statute. The judgment debtor having at the time of the sale only a contingent life interest at most and having deceased prior to the bringing of this action, whatever in-

terest passed by the deed must have ceased prior to the bringing of the action. And although the judgment debtor afterwards acquired title to the land in fee by descent from his son to whom it descended from his wife, yet it is well settled that an after acquired title in a judgment debtor will not pass to a grantee under a sheriff's deed on execution sale, there being no warranty in the deed and no authority to bind the judgment debtor by warranty. Rorer on Judicial Sales, Secs. 599, 602, 603; Devlin on Deeds, Sec. 1436.

The exceptions are overruled.

*J. A. Magoon and W. L. Holokahiki,* for plaintiff.

*C. W. Ashford,* for defendants.