# H. K. KAHELE *v.* MRS. ANIMA, AH KEE, AH CHOW and WILLIAM ELLIS.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JULY 6, 1901.          DECIDED JULY 31, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action of ejectment, proof by the plaintiff of a connected chain of title back to the government is à *prima facie* showing of title; and, in such case, proof of possession by one of plaintiff's predecessors in interest need not be made in order to defeat a motion for a non-suit.

The evidence in this case, the defense being that of adverse possession, held sufficient, under the instructions given by the trial court, to support a verdict for the plaintiff.

### OPINION OF THE COURT BY PERRY, J.

This is an action of ejectment instituted in the Circuit Court of the Fifth Judicial Circuit in December, 1899, against the three defendants first above named. These defendants filed an answer wherein they disclaimed "having any title to said land described in plaintiff's bill of complaint" and alleged that they were "only tenants under one Willie Ellis the owner of the fee of said land." In September, 1900, the court granted a motion by plaintiff for leave to amend the declaration by adding thereto the name of William Ellis as that of a party defendant and ordered that a copy of the summons and complaint as amended be served upon him and that he have twenty days after such service within which to answer. Ellis subsequently filed an answer of general denial, pleading also the defense of adverse

possession. After trial, the jury rendered a verdict for the plaintiff, and the case now comes to this Court on defendant's bill of exceptions.

The first exception is to the overruling of defendant's motion for a non-suit made at the close of plaintiff's case. This motion was correctly denied. The plaintiff had introduced evidence tending to show that the land in question was originally awarded to one Kanealauahine by L. C. A. 3655, R. P. 3847, that the patentee died intestate leaving as his only heirs two sisters, Kawalo Nui and Kawalo Liilii, that the latter died intestate leaving as her only heir Kawalo Nui, that Kawalo Nui died intestate leaving as her only heir her son, Papaula, and that the latter with his wife executed a deed of the property in question to one Kalei Kupau (w) who with her husband in turn conveyed it by deed to the plaintiff. This was a *prima facie* showing of title. In view of the fact that title was thus shown to have been originally derived from the government, it was unnecessary for plaintiff to show, as contended by counsel for defendant, that he, the plaintiff, or his predecessors in interest had had possession of the land.

Exception number 4 is to the verdict, on the ground that it was contrary to the law and the evidence and the weight of evidence, and number 5 is to the overruling of a motion for a new trial, which motion was based on this same ground and on the further ground of errors alleged to have occurred at the trial. The defendant's sole defense was that of adverse possession, there being no dispute as to the paper title being in the plaintiff. Upon the issue of adverse possession, considerable evidence was adduced on both sides. After an examination of the transcript of the stenographer's notes, we are of the opinion that there was ample evidence to justify the jury, under the law laid down by the presiding judge, in finding in favor of the plaintiff.

Exception number 2 to the refusal to give instructions requested by the defendant and number 3 to certain specified portions of the charge as given by the court, have not been argued. We regard them as abandoned.

33

Counsel for the defendant in his brief contends that the trial court erred in charging the jury that the defendants, in order to prevail, "must make good their claim to the land by proof of adverse possession for twenty years" prior to the commencement of the action and further contends that, under the circumstances of this case, defendant Ellis was entitled to a verdict if he showed adverse possession for ten years prior to the bringing of the action against him. It may be that the instructions given on this subject were erroneous; but, however that may be, the question is not presented by any of the exceptions and cannot be considered by us.

Another point sought to be made by counsel for the defendant is that the court erred in permitting the plaintiff to introduce certain evidence as rebuttal. This question also is not presented by the exceptions and is not open for consideration.

The exceptions are overruled.

*M. F. Prosser* for plaintiff.

*A. G. Correa* for defendant.