## TERRITORY OF HAWAII *v.* NG KOW.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED JULY 16, 1903.          DECIDED APRIL 22, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

On exceptions to the overruling of a challenge to the array of jurors and motion to quash the venire, the presumption is that the officers complied with the law except in so far as the contrary appears; and grounds not made the basis of the challenge and motion in the lower court will not be considered.

Where a venire for named persons selected under the statute was issued and also an open venire, with an oral order to summon the same persons, it is immaterial whether the latter was invalid or whether an open venire could issue at all under our statutes, if the venire under the statute was valid.

To refuse to allow the clerk of the court to testify in support of the challenge and motion, if error, is harmless when the grounds of the challenge and motion are insufficient in law.

From the establishment of Territorial government until the jury law of 1903 took effect, it was proper to obtain trial juries in the mode prescribed by the Hawaiian statutes as amended by the Organic Act. The Organic Act did not repeal so much of such statutes as to leave the rest inoperative.

OPINION OF THE COURT BY FREAR, C.J.

This case comes up on exceptions to the overruling of a challenge to the array of jurors and motion to quash the venires under which they were summoned, and to a refusal to allow the clerk of the court to testify in support of the challenge and motion. The case was one of assault and battery appealed to the Circuit Court from the District Court of South Hilo. The chal-

lenge and motion were made when the jurors were called to the jury box but before they were sworn.

Under the jury laws (C.L., Chap. 90, and Laws of 1892, Chap. 57, Sec. 82) in force at the date of the annexation of these islands to the United States, the Judge and the Clerk of the Court twice a year prepared lists of fifty native Hawaiians and fifty persons of foreign parentage in certain circuits, and fifty native Hawaiians in other circuits, and in the latter circuits, if a jury composed wholly or in part of foreigners was needed, a sufficient number of foreigners were summoned for the purpose. The Clerk, at least twenty days before a term, in the presence of a judge, drew from a box containing the names of the persons so selected, twenty-four names, except in the first circuit, in which thirty-six names were drawn. The persons whose names were thus drawn were summoned by the sheriff, and the twelve jurors required in any particular case were drawn from these, subject to challenges. Juries were obtained in this way after annexation and until the Territorial government was established. The Organic Act, which established that government, made radical changes in the jury system. It not only introduced the grand jury and required unanimity in verdicts of trial juries, but abolished race and mixed juries. Sec. 83. The changes were so sweeping that it was a serious question whether enough of the old laws remained to be effective or workable.

Circuit Judges seem to have differed as to whether the old jury law was operative after the Organic Act took effect. Some obtained juries by proceeding under that law as nearly as they could; others by issuing open venires to the sheriffs. The Judge in the circuit now in question, in his effort to avoid any question of illegality, endeavored to obtain juries in both ways—by proceeding under the statute in the first instance and then issuing an open venire to the sheriff, with an oral direction, as the defendant contends, to summon the same persons.

The defendant contends that error was committed in this instance in each course pursued, whichever was the correct course, and that the correct course was by open venire as at common law.

We find considerable difficulty in ascertaining the exact facts from the challenge and motion and the affidavits filed in support of them. These documents not only are each somewhat uncertain in itself in some respects but they are to some extent inconsistent with each other. We shall proceed on the presumption, which is elsewhere held to obtain in cases of this kind, that the officers performed their duties and that the juries were selected in accordance with law, in so far as the contrary is not clearly shown, and on the rule that the grounds of challenge should be shown specifically and that grounds not set forth in the challenge and motion should not be considered.

It appears that two sets of venires were issued for the term, each consisting of one venire for twenty-four named jurors drawn from the list of fifty under the statute and one open venire, with, as contended, an oral direction to summon the same twenty-four persons.

The ground relied on for quashing the venires that were open in form is that they were not open in reality because, as contended, the sheriff did not choose or select the jurors so summoned or have an opportunity to do so but was obliged by the oral order of the Judge to summon the persons drawn by the Judge and the clerk. Inasmuch as, in our opinion, it was proper to proceed under the statute, it is unnecessary to say whether the open venires in question, if valid in other respects, were invalid on the ground relied on, or to say whether, if the statute were inoperative, juries could be obtained by open venire as at common law, although the view was expressed in one of the opinions in *Hawaii v. Mankichi,* 190 U. S. 197, 217, that they could not be so obtained, by reason of the provision in C.L., Sec. 1109, "that no person shall be subject to criminal proceedings except as provided by the Hawaiian laws." If the jurors were properly selected in this case under the statute, it would be immaterial that the same persons were summoned under an open venire also, whether valid or invalid.

Two grounds are relied on to show that the venires issued under the statute were illegal, first, that they named the persons

to be summoned, thus leaving no choice or selection to the sheriff and, secondly, that the persons so named were not selected from the body of the circuit. The first of these grounds is based on the theory that the statute was inoperative and that the proper course was to summon the jurors by open venire. If, as we hold, the statute was operative, this ground falls, for the statute required the twenty-four named persons to be summoned. C.L., Sec. 1330. The second ground is not relied on for quashing the first venire issued under the statute. It is relied on solely for quashing one of the other venires—which we will assume to be the second one issued under the statute, the one intended by counsel, although in the motion it is described as the venire of January 14, 1903, which we understand is the second open venire. We will also assume that the jury in this case was drawn from those summoned under the second statute venire, although neither the bill of exceptions nor the motion to quash indicates this. Under this ground it is contended that the jurors were mostly from the town of Hilo and but little, if at all, from the country districts of the circuit. There was nothing in the statutes at that time or in the general law (see 12 Enc. Pl. & Pr. 289) to prevent jurors from being drawn chiefly from a portion of a circuit.

Whether any of the other grounds for quashing the venires relied on in argument in this court would avail, if they had been presented to the Court below at a seasonable time and made the subject of exceptions, we need not say. We can consider only the grounds presented by the challenge and motion in the circuit court.

The refusal to permit the clerk to testify in support of the challenge and motion, if error, was harmless in the view that we take of the case. The affidavits set forth the methods by which the jurors were drawn as stated by the Judge in open court and by the clerk privately. The clerk was not called as a witness to enable the defendants to ascertain how the jurors were drawn, on the theory that the defendant was entitled to know and could not ascertain except by putting the clerk on

the stand. He was called solely "to give sworn testimony in support of the said challenge and motion." For the purposes of these exceptions we assume that the allegations contained in the motions are true and we cannot hold that the clerk should have been allowed to testify on the theory that he might possibly testify for other purposes than those for which he was called. The grounds set forth in the challenge and motion, if true in fact, were, as we hold, insufficient in law.

As already stated, we hold that it was proper to pursue the statutory method. That was clearly the intention of Congress as shown by the Organic Act. That Act (in Sec. 7) specifically repealed certain provisions of the jury laws (C.L., Secs. 1329, 1331, 1332,) relating to race and mixed juries and certain other provisions and (in Sec. 83) repealed in general terms the same and some other provisions, and amended by implication still other provisions, thus impliedly showing an intention to leave the rest in force as amended. It not only did that but it expressly provided (in Sec. 83) "that the laws of Hawaii relative to the judicial department, including civil and criminal procedure, except as amended by this Act, are continued in force, subject to modification by Congress, or the legislature." It went further and provided that "until otherwise provided by the legislature of the Territory, grand juries may be drawn in the manner provided by the Hawaiian statutes for drawing petty juries," thus showing about as clearly as possible that "the manner provided by the Hawaiian statutes for drawing petty juries" was, "except as amended by this Act" intended to be "continued in force" until modified "by Congress, or the legislature." The only question is whether Congress succeeded in effectuating that intention, that is, whether, in spite of that clearly expressed intention, Congress unwittingly repealed so much or such essential parts of the jury laws as to leave the rest as amended incapable of execution. Counsel have not attempted to point out any difficulties in the execution of those laws as so amended. We do not feel called upon to go through them at length and show negatively that there was no insur-

mountable obstacle in their practical operation. As we read them with their implied amendments made by the Organic Act, they appear to have been workable.

The exceptions are overruled and the case remanded to the Circuit Court for any further proceedings that may be proper and consistent with this opinion.

*L. Andrews, Attorney General,* for the Territory.

*Kinney, McClanahan & Bigelow, Smith & Parsons, Thayer & Hemenway* for the defendant.