LUTESVILLE MILLING COMPANY, Respondent, v. GEORGE H. HUNT, Defendant; D. I. BLOOM, Garnishee, Appellant.

St. Louis Court of Appeals, March 5, 1912.

1. JURY: Waiver: Sufficiency of Record Entry: Trial Practice. A record entry recited that, "this cause coming on to be heard, comes now the plaintiff by its attorney, . . . and the garnishee . . . by his attorney, and this cause is now taken up and submitted to the court," and also recited the overruling of a motion by the garnishee to "set aside the submission of this cause to the court and submit the same to a jury," on the ground that the cause "has already been submitted and said motion is filed out of time." *Held*, that, under section 1970, Revised Statutes 1909, providing that a waiver of a jury trial may be by oral consent entered on the minutes, said entry showed such waiver by the garnishee.

2. ———: ———: Withdrawal of Waiver: Trial Practice. It is not error to refuse to permit a party to withdraw his waiver of a jury and submit the case to a jury, after substantial progress has been made in the trial of the case before the court.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. R. Young* for appellant.

The issue of fact for the recovery of money or property must be tried by a jury unless a jury' is waived in proper manner. R. S. 1909, secs. 1968, 1970; Scott v. Young, 113 Mo. App. 46; Briggs v. Railroad, 111 Mo. App. 175; Brown v. Railroad, 69 Mo. App. 418. Either the judgment or the minutes of the clerk must show that the right of trial by jury was waived. Brown v. Railroad, 69 Mo. App. 418. The issues raised by denial to garnishee's answer shall be tried as ordinary issues between plaintiff and defendant. R. S. 1909, sec. 2431.

*M. Arnold* and *Frank Kelly* for respondent.

Garnishee waived a trial by jury as shown by the record entry which recites: "Now, on this day this cause coming on to be heard comes the plaintiff by his attorney, M. Arnold, and the garnishee, D. I. Bloom by his attorney, and this cause is now taken up and submitted to the court upon the answer of D. I. Bloom" etc. That record shows a jury was waived by one of the ways pointed out by the statute. Bruner v. Marcum, 50 Mo. 405; Paving Co. v. O'Brien, 128 Mo. 277; Drainage Dist. v. Campbell, 154 Mo. 151; Railroad v. Townsite Co., 103 Mo. 451; Bank v. Howell, 79 Mo. App. 318; Gower v. Moore, 52 Mo. 118; Monroe City v. Bank, 40 Mo. App. 367; Sanders v. Wertz, 44 Mo. App. 496; State ex rel. v. Pulliam, 104 Mo. App. 94.

CAULFIELD, J. — Appeal from a judgment against a garnishee. Appellant, the garnishee, assigns only one error, viz., that "the court erred in refusing to submit the issues in the cause to a jury." No bill of exceptions was presented or filed and we can consider the question only as it is presented by the record proper. There we find a recital that "now on

this day (October 26, 1909) this cause coming on to be heard, comes the plaintiff by its attorney, M. Arnold, and the garnishee, D. I. Bloom, by his attorney, and this cause is now taken up and submitted to the court" etc.    It also there appears that on the next day and after the taking of testimony had commenced and during the progress of the trial, the court overruled a motion made by the garnishee "to set aside the submission of this cause to the court and submit the same to a jury," the record stating as a reason for the court's action in overruling said motion that the cause "has already been submitted and said motion is filed out of time." In our opinion the only question presented is whether the parties waived a trial by jury. The statute (section 1970, Revised Statutes 1909) provides that such waiver may be "by oral consent in court, entered on the minutes." Now the record entry before us can be construed to mean nothing else than that the cause coming on for hearing, the parties appeared and submitted the case for trial to the court; and in at least three instances it has been held that a record entry to that effect was sufficient to show the waiver of a trial by jury. [Bruner v. Marcum, 50 Mo. 405; Tower v. Moore, 52 Mo. 118; Paving Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25.] On the authority of those cases we hold that the record entry before us is sufficient for that purpose. We are also of the opinion that the trial court cannot be convicted of error for having refused to permit the garnishee to withdraw his waiver and have a jury after substantial progress had been made in the trial of the case before the court, a jury having been waived when the case was first called for trial.

The judgment is affirmed.    *Reynolds, P. J.*, and *Nortoni, J.*, concur.