PACIFIC BANK, LIMITED, FORMERLY KNOWN AS THE ASANO CHUYA BANK, LIMITED, *v.* M. E. GOMES, JR., K. OKI, F. K. MAKINO, JAS. W. ACHUCK AND D. K. TRASK, DEFENDANTS IN ERROR; JAMES BICKNELL, AUDITOR, CITY AND COUNTY OF HONOLULU, GARNISHEE.

No. 1699.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

ARGUED MARCH 11 AND APRIL 26, 1927.        DECIDED APRIL 29, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

BILLS AND NOTES—*conditional delivery—evidence.*
    In an action by the payee against the maker and indorsers of a promissory note, it is not error to admit evidence which tends

to show that the note was indorsed and delivered conditionally and that the condition was not performed.

SAME—*trial—instructions.*

In such action, it is error to instruct the jury that the unperformed agreement of the payee—not connected with a conditional delivery of the note—to use the money loaned for a certain purpose exempts the indorsers from liability.

APPEAL AND ERROR—*assignments of error.*

When a case comes to this court on a writ of error, questions not presented by any of the assignments of error and not raised in the court below will not be considered.

OPINION OF THE COURT BY BANKS, J.

The plaintiff (the Pacific Bank) brought suit on a promissory note for $10,553.87 against Manuel Gomes, K. Oki, F. K. Makino, Jas. W. Achuck and D. K. Trask. Gomes was the maker of the note and the other defendants were indorsers. The jury returned a verdict in favor of the plaintiff against Gomes and Trask and against the plaintiff and in favor of Oki, Makino and Achuck. Judgment was duly entered against Gomes and Trask and they are not involved in this proceeding. Oki, Makino and Achuck having been acquitted by the jury of liability, judgment was duly entered in their favor. The plaintiff brings this judgment here, on writ of error, for review. The three last named defendants claimed freedom from liability on the ground that so far as they were concerned the note was delivered to the plaintiff conditionally and that the condition was never performed. In order to understand this *condition* it is necessary to recite some of the facts. Gomes, at the time the note was executed, was in financial difficulties. He was indebted to the Bank of Hawaii, the Henry Waterhouse Trust Company and Henry Waterhouse Trust Company as receiver for the People's Bank in the aggregate sum of over $10,000. This indebtedness was secured by chattel mortgages upon which foreclosure proceedings were

threatened. Oki, Makino, Achuck and Trask interested themselves in Gomes' behalf and negotiations were begun with the plaintiff bank to borrow sufficient money to relieve Gomes' necessities. On March 29, 1924, the note upon which this suit was brought was signed by Gomes and indorsed by the other defendants and the money which Gomes required was thus obtained. It is claimed by Oki, Makino and Achuck that their indorsement of the note was upon the express condition, to which they say the plaintiff agreed, that the latter would procure an assignment to itself of these mortgages which Gomes had previously given. It is not disputed that the assignments were never procured. The plaintiff objected to the introduction of any evidence tending to show that the indorsement and delivery of the note were conditional, on the ground that the effect of such evidence would be to vary the terms of the written instrument. The objections were overruled and the evidence was admitted. Its admission is assigned as error. In substance this evidence, as shown by the testimony of Oki, Makino and Achuck, was that on the day the note was executed these witnesses stated to Tanaka, the manager of the plaintiff bank, that they would indorse the note on condition that the bank would, for its own protection and the protection of the indorsers, take an assignment of the mortgages and that Tanaka agreed to this condition. The admission of this evidence was not error. Its effect, if believed by the jury, was not to add to or vary the terms of the note but to show that its indorsement and delivery were conditional and not absolute and that it was not intended to become a contract binding Oki, Makino and Achuck until the condition was performed. The admission of this evidence was justified by section 3710, R. L. 1925, which is as follows: "Every contract on a negotiable instrument is incomplete and revocable until

delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." Even without the statute the evidence was admissible. The Supreme Court of the United States, speaking on the subject, said in *Burke* v. *Dulaney*, 153 U. S. 228, 233: "The authorities cited do not determine the present case. The issue here is between the original parties to the note. And the evidence offered by the appellant, and excluded by the court, did not in any true sense contradict the terms of the writing in suit, nor vary their legal import, but tended to show that the written instrument was never, in fact, delivered as a present contract, unconditionally binding upon the obligor according to its terms from the time of such delivery, but was left in the hands of Dulaney, to become an absolute obligation of the maker in the event of his electing, upon examination or investigation, to take the stipulated interest in the property in question. In other words, according to the evidence offered and excluded, the written instrument, upon which this suit is based, was not—except in a named contingency—to become a contract, or a promis-

sory note which the payee could at any time rightfully transfer.   Evidence of such an oral agreement would show that the contingency never happened, and would not be in contradiction of the writing.   It would prove that there never was any concluded, binding contract entitling the party who claimed the benefit of it to enforce its stipulations.   The exclusion of parol evidence of such an agreement could be justified only upon the ground that the mere possession of a written instrument, in form a promissory note, by the person named in it as payee, is conclusive of his right to hold it as the absolute obligation of the maker.   While such possession is, undoubtedly, *prima facie,* indeed, should be deemed strong evidence that the instrument came to the hands of the payee as an obligation of the maker, enforcible according to its legal import, it is open to the latter to prove the circumstances under which possession was acquired, and to show that there never was any complete, final delivery of the writing *as the promissory note of the maker,* payable at all events and according to its terms.   The rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought.   But the rule has no application if the writing was not delivered as a present contract."   The same conclusion has been reached by many other courts.   Most of the evidence which the plaintiff sought to exclude related, either directly or indirectly, to this point and the objections to it were properly overruled.   The plaintiff seeks to present this question in another form.   The following instruction was requested and refused:   "I instruct you, gentlemen of the jury, that your verdict in this case must be for the plaintiff and against each of the defendants, Gomes, Makino, Oki, Achuck and Trask, for the amount shown by the evidence to be due on the

promissory note sued on." So far as the defendants Makino, Oki and Achuck were concerned this instruction was properly refused, for the reason that there was more than a scintilla of evidence showing that their indorsement and delivery of the note were conditional and that the condition had not been performed.

It is contended by the plaintiff that the defense that the note was conditionally delivered was waived by the subsequent conduct of Oki, Makino and Achuck. This contention is based on the following statement in the plaintiff's reply brief: "On June 30, 1924, after demand had been made, Oki, one of the endorsers, paid $265.00 to the bank being the amount of interest due on that date. (Tr. pp. 9 and 290.) Gomes, the maker, had paid $23.87 on account of the principal. Subsequently a conference was held by the defendants-in-error at Gomes' office. It is evident that they were aware of these payments at that time, and we submit as a matter of fact, and as a matter of law, these payments were then ratified, and that such ratification amounted to a waiver of any defense the defendants-in-error may have theretofore had with reference to liability under their contract of suretyship." A careful search of the record discloses that this question was not raised in the court below nor is it presented by any assignment of error. It, therefore, cannot be considered by this court.

The plaintiff also assigns as error the giving of defendants' instruction 1-A which is as follows: "I instruct you that if you find and believe from the evidence that the plaintiff agreed to take the money which it was lending on the promissory note in question and to use said money for the purposes of securing assignments of the mortgages which have been testified to, and if you further believe from the evidence that the plaintiff failed to take said money and secure the assignments of said

mortgages, that in that event, there was never a delivery of the note in question, and it will be your duty to return a verdict in favor of K. Oki, F. K. Makino, Jas. W. Achuck." This instruction should not have been given. The court, in effect, told the jury that if the plaintiff agreed to use the money, it was lending, for the purpose of obtaining an assignment of the Gomes' mortgages and if it failed to carry out the agreement, there was never a delivery of the note and Oki, Makino and Achuck were not liable. This is not the law. Assuming that the bank agreed to use the money for the purpose mentioned in the instruction, unless the indorsements were made upon the express condition that it would be so used, the mere failure to perform the agreement would not affect the delivery of the note nor exempt the indorsers from liability.

It was conceded by counsel for the defendants that, if this agreement was independent of any condition attached to the indorsement and delivery of the note, a failure to perform the agreement would not relieve the defendants of liability. There was evidence that on the day preceding the execution of the note and before there was any mention of its conditional indorsement and delivery, Tanaka, the manager of the bank, stated to Oki that he would lend the money to Gomes and agreed that he would procure an assignment of the mortgages. There was also evidence from which the jury might have found that, after the note was indorsed and delivered, Tanaka agreed to have the mortgages assigned to the bank. The jury may have believed that Tanaka made one or both of these agreements, and if it did so believe, it would, under instruction 1-A, have been warranted in returning a verdict in favor of Oki, Makino and Achuck although it did not believe that the note was conditionally indorsed and delivered. Under these circumstances

the verdict would be predicated on an erroneous instruction.

The verdict and judgment in favor of K. Oki, F. K. Makino and Jas. W. Achuck are set aside and a new trial is granted as to them.

*J. C. Kelley* and *F. Patterson* (*Patterson & Kelley* on the briefs) for plaintiff in error.

*J. B. Lightfoot* (*Lightfoot & Lightfoot, E. A. Mott-Smith* and *J. L. Coke* on the brief) for defendants in error.