TERRITORY *v.* JAN M. VAN DALDEN, ALIAS VAN HORN.

Nos. 2136, 2137 and 2138.

ARGUED JULY 11, 1934.        DECIDED AUGUST 21, 1934.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

The three felony cases above entitled were by agreement consolidated for trial and were tried together in the circuit court resulting in the conviction of the defendant of the crime charged in each indictment. The trial was by the court without a jury in circumstances hereinafter set forth. Each case is before us upon writ of error. In this court the three were argued and submitted together,

The assignments of error, nineteen in number, are the same in each case. Each assignment sets forth an alleged error in the court's order denying defendant's motion for a new trial. None is based upon objections or exceptions noted during the trial. The motion for a new trial is based upon fifteen grounds. In the briefs of counsel the assignments of error are grouped under eight divisions. For convenience the assignments relied on will be considered here under the same grouping.

(1) Defendant's point one is "that the cause should be reversed and a new trial directed by reason of the serious prejudice suffered by defendant in having had no reasonable opportunity to prepare for trial. (Assignments of Errors Nos. 1, 2 and 4.)" Upon this point briefly summarized the record shows that the defendant was indicted November 9, 1933, and arraigned the following day, at which last named time and in the proceedings which followed he was represented by counsel. Upon arraignment of defendant the latter's counsel asked for one week in which to plead. This motion was opposed by the prosecuting attorney who asked that the plea be set for the following Tuesday, November 14, 1933, with notice that he would then ask that the case be set for trial on Monday, November 20, 1933. Counsel for defendant then announced in effect that in view of his daily professional engagements he would require more time than that to study the case and prepare for trial. Quoting from the transcript: "The court. The case is set next Tuesday at 9 o'clock, for plea and we will take up the matter further at that time if more time is necessary." When the case was called on the following Tuesday morning counsel for defendant announced, "We are ready to enter a plea" and a plea of not guilty was entered in each case. The prosecuting attorney then asked that the cases be set down for trial on the

following Monday, November 20, 1933. Counsel for defendant again asked for more time, saying: "We have one week more. It is a very serious charge, upon which I had no way of ascertaining these 3 prosecuting witnesses and learn something of them. Defendant says he does not know who they may be." The case was then set for trial at nine o'clock on the next Monday morning. At nine o'clock Monday, November 20, 1933, when the case was called for trial defendant's counsel responded, "Ready for the defense." The trial then proceeded to conviction. The record thus discloses that the only reasons stated to the court in support of counsel's request for postponement were, on November 10, that counsel wanted time to study the case and to obtain evidence and that he had a case every day for the following week; and, on November 14, that he had no way of ascertaining the three prosecuting witnesses and of learning something of them. Notwithstanding the court's prior announcement (on November 10) that the matter of granting further time would be taken up at the time of plea, the excuse of prior engagements of counsel was not repeated, no other grounds for delay were advanced, no formal application or showing for continuance was made, no exception was saved to the court's ruling; and six days thereafter counsel responded "ready" as above set forth. In this jurisdiction no person prosecuted is entitled as of right to postpone the trial of any indictment preferred against him; provided always that if the court before which any person is indicted shall, upon the application of the person or otherwise, be of the opinion that he ought to be allowed a further time to prepare for his defense the court may grant further time. This is specifically provided, among other things, by section 4069, R. L. 1925. As has been heretofore held by this court "the granting or refusal of a motion to continue a

case is largely within the legal discretion of the trial court. Unless this discretion is abused, no reversible error can be predicated on its exercise." *Irwin* v. *Lyman,* 29 Haw. 434, 436, citing *McBryde Est.* v. *Gay,* 14 Haw. 313; *Queen* v. *Ah Kiao,* 8 Haw. 466; *Kane* v. *Nakaleka,* 7 Haw. 211, 213; *Waldeyer* v. *Wailuku Sugar Co.,* 19 Haw. 245, 257.

In the circumstances above recited no abuse of judicial discretion appears. Furthermore, by answering "ready" when the case was called for trial, counsel abandoned the excuses for delay which he had theretofore presented on two occasions. That response constituted a waiver of grounds theretofore urged for postponement. (See *State* v. *Smith* [Mo.], 59 S. W. [2d] 722; *Reed* v. *State* [Fla.], 113 So. 630, 636; *People* v. *Celmars* [Ill.], 163 N. E. 421, 423.)

No error appearing at the trial in the court's refusal of a postponement upon the grounds above named, motion for new trial was therefore not sustainable upon the ground of said refusal. "Where the trial court was justified in refusing the application for a continuance, denial of a motion for a new trial because of such refusal is proper." 46 C. J. 83.

(2) Defendant's second point is "that the fact of defendant's illness during the time intervening between indictment and trial and at the time of the trial, rendering the proper presentment of a defense impossible, should alone require a new trial. (Assignment of Error No. 3.)" No showing of defendant's illness, either mental or physical, either before or during the trial, was brought to the attention of the court prior to the motion for a new trial filed November 29, 1933, and such illness was not made one of the grounds of defendant's application for postponement. No error, therefore, was committed by the trial court in this respect prior to or during the course of the

trial. The physician's affidavit in support of defendant's motion for a new trial sets forth that the affiant examined the defendant on November 20 and found him to be "in a condition of extreme nervous collapse and hysteria" and affiant further expressed the opinion "that said Van Dalden would have been in no proper condition either to give evidence in a matter of importance to himself or another, or to effectively cooperate with an attorney in the matter of preparing for trial of any important case at any time when his condition might have been such as, or similar to, the condition in which affiant found him on November 20, 1933, as aforesaid." Defendant's attorney, in support of said motion for a new trial, deposed among other things that "in the short time intervening between the time of his employment and the trial of said cause, owing to the nervous excitement of the defendant, and to other causes, it was impossible for him to even interview said defendant relative to the merits of said cause, except on one occasion, on the Sunday immediately preceding the Monday on which said cause was tried, and that even at said time it was impracticable to adequately go over the matters and things involved with the defendant preparatory for said trial." Defendant deposed to the same general effect. It is unnecessary to set forth more specifically the averments of the motion and affidavits. Except as to alleged newly discovered evidence hereinafter discussed, the matters therein sought to be brought to the attention of the court on November 29 were known to the defendant on November 20, and were in effect then waived by him as grounds for a postponement as set forth in our foregoing discussion of point one, by his failure to make them a basis of his application for postponement and by his counsel's response of "ready" as hereinabove related. For the reasons above stated no error appears in the refusal of

the trial court to grant a new trial on the ground set forth in defendant's point two.

(3) Defendant's point three is "that there should be a reversal and new trial for the purpose of receiving newly discovered evidence. (Assignments of Errors Nos. 10 and 11.)" The newly discovered evidence alleged as above is that of Mrs. P. E. Cummings, referred to in paragraph XI of the motion for a new trial and in the affidavit of Mrs. P. E. Cummings in support thereof. Paragraph XI of the motion is as follows: "That there is newly discovered evidence which had not been discovered, and could not, with reasonable diligence have been discovered in the short time available for the preparation for the trial heretofore held herein, which evidence is relevant and material and will be available in the event a new trial is granted herein, and that in this connection there has been discovered since the trial heretofore had herein, and will be available in the event of a new trial, the evidence of a Mrs. P. E. Cummings, who will testify to the effect that her home is on Huene Street in Honolulu, and is directly opposite the home of defendant herein, where the criminal act alleged in the indictment herein is claimed to have taken place on the night of October 15, 1933; that she was at her home throughout the day and night of October 15, 1933, and early morning hours of October 16th; that she was in a position to know, and does know, that the defendant left his home in the morning of said October 15, 1933; that he was absent therefrom throughout the entire day and throughout the hours of the night of October 15th, and that he did not return to his said home until approximately one o'clock in the early morning of October 16, 1933, and that he was not there at all, on or about midnight, and was not there at the time that witnesses for the prosecution have testified and that they came to his said

home and found him there; that said witness will further testify to the effect that she was in position to know, and does know, that aside from the defendant himself, returning to his home in the early hours of October 16, 1933, as aforesaid, no person or persons came to the home of said defendant in a taxi or in an automobile throughout that entire night, either before or after defendant's return to his said home as aforesaid, contrary to the testimony of witnesses produced for the prosecution in the trial heretofore had herein, from which, together with other evidence which will be available in the event of a new trial, it will appear that defendant was not, and could not have been, present at the time and place either alleged in the indictment herein, or shown by the evidence of the prosecution herein as the time and place at which the crime charged herein is alleged to have been committed, and that he did not, and could not have committed said crime, and that said witness will otherwise testify to matters and things corroborative of testimony which will be given by defendant himself and by others in the event a new trial is granted herein, showing defendant to be not guilty of the crime charged herein, and defendant asks that a new trial be granted herein so that newly discovered evidence may be received and considered. Defendant further asks leave to show this court other newly discovered evidence which will be available in the event of a new trial at the hearing to be had on this motion."

At the trial the case was submitted at the close of the prosecution's testimony. Three witnesses testified directly and positively to the commission by the defendant of the crimes charged. No evidence of alibi or any other defense was offered by the defendant nor was any further time then asked in which to obtain such evidence. No showing of due diligence to obtain such evidence was made

122

in defendant's affidavit in support of his motion for a new trial, defendant contenting himself in this respect with the above-quoted statement in his motion for a new trial to the effect that reasonable diligence in the circumstances set forth would have been unavailing, and his counsel's affidavit: "In this connection, affiant alleges that although he used all reasonable diligence endeavoring to discover all available evidence prior to said trial, he did not discover or learn of, and is now for the first time learning of the evidence which will now be available on defendant's behalf from Mrs. P. E. Cummings, elsewhere referred to in the motion for new trial in support of which this affidavit is presented." As was said by this court upon a similar showing in *Republic of Hawaii* v. *Carvalho,* 10 Haw. 446, 448, 449: "This affidavit is insufficient in that it does not show what diligence was used by counsel in the preparation of the defense." (See also *Territory* v. *Young,* 32 Haw. 628, 640, and cases cited; *Uuku* v. *Kaio,* 21 Haw. 710, 721; *Territory* v. *Kum Foo Sung,* 20 Haw. 195, 197; *Green* v. *Keolanui,* 30 Haw 954, 957; *Territory* v. *Fukunaga,* 30 Haw. 697, 733.) The rule applicable is thus stated in 16 C. J. 1221: "Facts showing the exercise of due diligence by defendant to discover the evidence and produce it at the trial should be stated in the moving papers; it is not sufficient merely to allege that defendant used due diligence to discover such evidence."

Furthermore except as above stated no showing and no allegation whatever, either of diligence or of effort of any kind to secure evidence of an alibi other than that above referred to, appears in the record. "Where the unsuccessful party might, with reasonable diligence, have produced other testimony at the trial of the same character and to the same point as that alleged to have been

newly discovered, a new trial should be refused."   46 C. J.
245.

In denying defendant's motion for a new trial the
trial court said, with reference to the newly discovered
evidence of Mrs. Cummings, above referred to: "Even
if this testimony were before the court I do not believe it
would change the result of the trial." Quoting from
*Commonwealth* v. *Dascalakis* (Mass.), 140 N. E. 470, 479:
"It often has happened that confessedly newly discovered
evidence has been held in criminal cases to be not of suffi-
cient weight to be worthy of consideration in view of the
overwhelming force of evidence for the commonwealth."
The probable effect upon a verdict of newly discovered
evidence in the event of a new trial was a question prop-
erly considered by the trial court in the circumstances
above recited.   As this court has heretofore held: "A
new trial will not be granted on the ground of newly dis-
covered evidence, unless the evidence is on a material point
and of such a nature that a new trial would probably re-
sult in a different verdict." *Lopez* v. *Kaiaikawaha,* 9
Haw. 27, 31.   Adopting the language of the supreme court
of Utah in *State* v. *Weaver,* 6 Pac. (2d) 167, 169: "Be-
fore we are authorized to reverse the action of the trial
court and direct the granting of a new trial it must appear
that the evidence proposed is of such character when
viewed with the other evidence given on the trial as to
raise a reasonable presumption that the result of a second
trial would be different from that in the first and that the
trial court had abused its discretion or was manifestly
wrong in overruling the motion."   In the circumstances
hereinabove recited no such abuse of discretion or mani-
fest wrong is apparent in the action of the trial court in
overruling, upon the ground in this section discussed, the
defendant's motion for a new trial.

(4) Defendant's fourth point is "that there should be a reversal and new trial by reason of the prejudice suffered through the variance between indictment and proof. (Assignment of Error No. 5.)" The indictments charged the commission of offenses on October 15, 1933, and the proof was that they were committed after midnight of that day in the early morning hours of October 16. Defendant admits that time is not of the essence of the crimes charged but contends that the variance deprived defendant of properly presenting his defense by directing his attention to one time in the indictment and then proceeding with proof of the offense at another time on trial. That the variance was not inherently fatal, see *Territory* v. *Chung Nung,* 21 Haw. 214, 221. As to the present contention of prejudice there is nothing in the record to show that the defendant was surprised or misled or that at any time during the trial he claimed that he was surprised or misled by proof that the offense occurred after midnight instead of before midnight. Even in the motion for new trial and the affidavits in support thereof no such claim is put forth. For the reasons set forth in this section defendant's motion for new trial was not sustainable upon the ground of variance between *allegata* and *probata.*

(5) Defendant's fifth point is "that there should be a reversal and new trial directed by this court by reason of the obvious and fatal prejudice suffered by defendant because of all of the circumstances operating to his prejudice, and because of the combination of reasons indicating denials of right and infliction of prejudice, even though any one circumstance, ground or reason might alone be considered insufficient. (All Assignments of Errors.)" The circumstances referred to in this section have been considered *seriatim* in the foregoing discussion of the defendant's points one to four inclusive. Repeti-

tion would serve no useful end. No error there appearing this court is unable to say that prejudice appears because of the combination of circumstances therein set forth. Section 2536, R. L. 1925, as amended by Act 42, L. 1931, applies: "* * * no order, judgment or sentence shall be reversed or modified unless the court is of the opinion that error was committed which injuriously affected the substantial rights of the plaintiff in error."

(6) Defendant's points six, seven and eight are concerned with questions, (a) as to the procedure required by Act 36, L. 1931, to effect a waiver of jury in felony cases, (b) as to the validity or invalidity of said Act 36, under section 83 of the Organic Act of this Territory and (c) as to the constitutionality or unconstitutionality of said Act 36. These points are here discussed in reverse order according to their more logical sequence in the brief of the Territory. Defendant's eighth point is "that the judgments and sentences should be set aside in that defendant was denied his right to trial by jury, contrary to the provisions of the Constitution of the United States, and that Act 36 of the Session Laws of Hawaii for 1931, purporting to authorize a waiver of said right, is violative of said provisions of the Constitution of the United States and is unconstitutional and void. (Assignments of Errors Nos. 16, 17 and 18.)"

The crime charged in each of the three indictments in the cases now under consideration is that denounced by section 4446, R. L. 1925, the penalty for which, provided by said last named section, is a fine not exceeding one thousand dollars and imprisonment at hard labor not more than twenty years. Section 4028, R. L. 1925, as amended by Act 36, L. 1931, provides as follows: "The defendant in any criminal case other than a case in which the death penalty may be imposed may, with the consent

of the court, waive the right to a trial by jury either by written consent filed in court or by oral consent in open court entered on the minutes. Any case in which a trial by jury is waived as aforesaid may be tried by the court without a jury both as to the facts and the law, and when the trial shall have been had there shall be no further trial upon the facts, except upon the granting of a new trial according to law."

Defendant claims that Act 36 above quoted is violative of Article III, section 2, clause 3 and of the sixth amendment of the Federal Constitution. The clause of Article III above referred to provides in part and so far as applicable as follows: "The trial of all crimes, except in cases of impeachment, shall be by jury * * *." The sixth amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence." Whatever doubt may have once existed as to the validity of a waiver by the defendant in a criminal case of the "right" referred to in the sixth amendment or of trial by jury provided in Article III above quoted, is now dispelled by the decision of the Supreme Court of the United States, dated April 14, 1930, in *Patton* v. *United States,* 281 U. S. 276; and this applies with equal force to a statute providing for such waiver and for trials jury waived. In the case last above cited the following question was certified to the Supreme Court (quoting from page 287): "After the commencement of a trial in a federal court before a jury

of twelve men upon an indictment charging a crime, punishment for which may involve a penitentiary sentence, if one juror becomes incapacitated and unable to further proceed with his work as a juror, can defendant or defendants and the government through its official representative in charge of the case consent to the trial proceeding to a finality with eleven jurors, and can defendant or defendants thus waive the right to a trial and verdict by a constitutional jury of twelve men?" In answering this question in the affirmative the Supreme Court on page 290 said, *inter alia:* "It follows that we must reject *in limine* the distinction sought to be made between the effect of a complete waiver of a jury and consent to be tried by a less number than twelve, and must treat both forms of waiver as in substance amounting to the same thing. In other words, an affirmative answer to the question certified logically requires the conclusion that a person charged with a crime punishable by imprisonment for a term of years may, consistently with the constitutional provisions already quoted, waive trial by a jury of twelve and consent to a trial by any lesser number, or by the court without a jury." In comparing the phraseology of Article III with that of the sixth amendment the Supreme Court (*Id.* p. 298), after quoting in part the sixth amendment, said: "This provision, which deals with trial by jury clearly in terms of privilege, although occurring later than that in respect of jury trials contained in the original Constitution, is not to be regarded as modifying or altering the earlier provision; and there is no reason for thinking such was within its purpose. The first ten amendments and the original Constitution were substantially contemporaneous and should be construed *in pari materia*. So construed, the latter provision fairly may be regarded as reflecting the meaning of the former. In other words, the

two provisions mean substantially the same thing; and this is the effect of the holding of this court in *Callan* v. *Wilson*, 127 U. S. 540, 549, where it is said: 'And we do not think that the amendment was intended to supplant that part of the third Article which relates to trial by jury. There is no necessary conflict between them.' Upon this view of the constitutional provisions we conclude that Article III, section 2, is not jurisdictional, but was meant to confer a right upon the accused which he may forego at his election. To deny his power to do so, is to convert a privilege into an imperative requirement."

Continuing, the court said: "But the question remains whether the court is empowered to try the case without a jury; that is to say, whether Congress has vested jurisdiction to that end." Answering this latter question in the affirmative the opinion recites that the Constitution vests the judicial power of the United States in the Supreme Court and such inferior courts as Congress might establish and that pursuant to this power Congress has conferred jurisdiction upon district courts "of all crimes and offenses cognizable under the authority of the United States." Similar provisions exist in this Territory. In section 81 of the Organic Act it is provided "that the judicial power of the Territory shall be vested in one supreme court, circuit courts, and in such inferior courts as the legislature may from time to time establish." Section 2247, R. L. 1925, provides, among other things: "The several circuit courts shall have jurisdiction, subject to appeal and exceptions to the supreme court according to law, as follows: First: Of all criminal offenses cognizable under the laws of the Territory, committed within their respective circuits or transferred to them for trial by change of venue from some other circuit * * *." Under the foregoing provision of our local law it appears that for

the reasons recited in the *Patton* case "a court is fully organized and competent for the transaction of business without the presence of a jury." Upon reason and authority we conclude that in the circumstances above recited neither trial, jury waived, nor statute permitting the same violates either of the above-quoted provisions of the Constitution of the United States.

(7) Defendant's seventh point is "that the judgments and sentences should be set aside for the reason that defendant was denied his right to trial by jury guaranteed by the provisions of the Organic Act, and that Act 36 of the Session Laws of Hawaii 1931 is violative of the provisions of said Organic Act and unconstitutional and void. (Assignments of Errors Nos. 14 and 15.)" Part of the claim thus made is merely a repetition of the claim of unconstitutionality made as set forth in the preceding section and therein disposed of. The rest of the claim may be disposed of more briefly. The provision of the Organic Act (§83) above referred to is as follows: "No person shall be convicted in any criminal case except by unanimous verdict of the jury." Under Hawaiian law prior to annexation conviction in a criminal case was permitted by verdict of nine out of twelve jurors. (See *Republic of Hawaii* v. *Edwards,* 12 Haw. 55; *Ex Parte Ah Oi,* 13 Haw, 534.) "The fact, already mentioned, that Congress, in this Organic Act, inserted a provision for the empanelling of grand juries and for the unanimity of verdicts, indicates an understanding that the previous practice had been pursued up to that time, and that a change in the existing law was contemplated." *Hawaii* v. *Mankichi,* 190 U. S. 197, 215, 47 L. Ed. 1016, 1022; *Territory* v. *Ng Kow,* 15 Haw. 602, 606. Touching upon the point herein involved this court said in *Ex Parte Higashi,* 17 Haw. 428, 439: "It is clear from the context that the act does not require that no person shall be tried for any criminal

offense except by a jury, but that in all criminal trials by a jury an unanimous verdict shall be necessary for conviction." The above-cited Hawaiian decisions, which we find no reason to disturb, are sufficient to show that the above-quoted provision of section 83 of the Organic Act does not permit the construction contended for by counsel for defendant in his point number seven.

(8) Defendant's sixth point is "that the judgments and sentences of the court should be vacated and set aside by this court for the reason that the court was without jurisdiction in the premises and said judgments and sentences are invalid, there having been no valid waiver of jury. (Assignments of Errors No. 14, 16, 17 and 18.)" The transcript shows that on Tuesday, November 14, 1933, after defendant's plea of not guilty had been entered and the court had set the cases for trial on the following Monday morning, defendant's counsel said: "Your honor, at this time we would like to waive a jury," and the court responded: "Very well, if counsel desires to waive a jury, the court will hear the matter. Jury waived." In the minutes of the clerk in this case, under date of November 20, 1933, we find the following entry: "Trial. Jury Waived." The minutes contained no other entry of oral consent in open court to trial without a jury and the record shows no written consent to such trial filed in court.

The question as to whether or not the facts above recited operate as a valid waiver of jury under Act 36, L. 1931, above quoted, is raised for the first time in the opening brief of defendant's counsel. No objection or exception to the form of the waiver was noted during the trial of the case, it was not made one of the grounds of defendant's motion for a new trial, nor was any assignment of error made with respect to it. Under his sixth point counsel for defendant now argues in effect (a) that there was no valid waiver of trial by jury, consent of counsel

alone being ineffective for that purpose and (b) that the purported absence of an entry of the waiver on the minutes likewise vitiated the waiver so as to deprive the court of jurisdiction. With reference to the contention hereinabove restated as "a" the record and transcript read together sufficiently show the presence of the defendant at the time of the oral waiver of jury by his counsel in open court. No repudiation of the waiver or claim of fraud in connection therewith is shown to have been made by the defendant personally. As was said in similar circumstances by the supreme judicial court of Massachusetts in the leading case of *Commonwealth* v. *Dailey,* 12 Cushing 80: "A prisoner who defends by counsel, and silently acquiesces in what they agree to, is bound in the same manner as any other principal by the act of his agent." Counsel for defendant relies primarily upon two cases to support his contention that a waiver of jury in a felony case to be effective must be by defendant personally. The cases referred to are *People* v. *Garcia,* 98 Cal. App. 702, 277 Pac. 747, and *Brown* v. *State,* 16 Ind. 496. The California case held that the waiver to be valid must be in open court by the prosecuting attorney, the defendant and defendant's counsel. To the same effect is *People* v. *Spinato,* 100 Cal. App. 600, decided in 1929. These cases, however, were decided under an express state constitutional provision adopted in 1927 that "a trial by jury may be waived in all criminal cases by the consent of both parties, expressed in open court by the defendant and his counsel * * * ." The difference between the foregoing constitutional provision of California and our Hawaii statute above quoted is apparent and deprives *People* v. *Garcia* and *People* v. *Spinato* of persuasive authority in this jurisdiction upon the point now under discussion.

The Indiana case, *Brown* v. *State, supra,* is differentiated from the present case by the facts. In that case the

defendant made affidavit that he was not consulted and did not know that he could object to the act of his attorney. We are not confronted with similar facts and are not required to rule with reference thereto.

With reference to defendant's contention "b" as above restated, it is noted that the record shows in fact a waiver of trial by jury consented to in open court, and that following the same an entry was made in the clerk's minutes of "Trial. Jury Waived." So far as the record discloses the entry could have referred to no other circumstances than those above related. As nothing to the contrary appears it must be presumed that the clerk's minute entry above quoted was predicated upon defendant's oral consent through his counsel in open court to trial jury waived, above referred to. (See *Indianapolis Northern Traction Co.* v. *Brennan,* 90 N. E. 65, 66, 67 and *Lutesville Milling Co.* v. *Hunt,* 164 Mo. App. 358, 360.) There was therefore an "oral consent in open court entered on the minutes" in substantial compliance with the requirements of our statute. If there was any defect in the entry it was a clerical one of form only and subject to amendment. (See *Territory* v. *Ferris,* 15 Haw 139, 149, 150.) It did not affect the jurisdiction of the court. The question as to the formal sufficiency or insufficiency of such an entry cannot be considered when raised for the first time in brief of counsel in this court. For similar rulings in analogous cases see *Cabral* v. *City and County of Honolulu,* 32 Haw. 872, 882, 883; *Dillingham* v. *Scott,* 20 Haw. 55; *Pacific Bank* v. *Gomes,* 29 Haw. 763, 768; *Oriemon* v. *Territory,* 13 Haw. 413, 415; *Kaheli* v. *Anima,* 13 Haw. 512, 514; *Ching Hon Yet* v. *See Sang Co.,* 24 Haw. 731, 741; *Lee Lun* v. *Henry,* 22 Haw. 165, 167.

No error appearing in the record the judgment of the circuit court is affirmed.

*B. S. Ulrich* (also on the briefs) for plaintiff in error.

*C. E. Cassidy,* Assistant Public Prosecutor *(J. C. Kelley,* Public Prosecutor, with him on the brief), for the Territory.

QUALIFIED CONCURRING OPINION OF BANKS, J.

If the majority opinion, in discussing the minute entry, had gone no further than to decide that it was sufficient to meet the requirements of the statute I would have unreservedly concurred in it. I do not, however, consider it necessary in the instant case to go further than this and decide what would be the effect of an insufficient minute entry. I therefore refrain from expressing my opinion on this latter subject.