## TERRITORY OF HAWAII *v.* ROBERT LANTIS.

## No. 2670.

ARGUED JULY 6, 1948.                    DECIDED JULY 28, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

(Kemp, C. J., dissenting.)

On general appeal from the district court of Honolulu, jury trial demanded, the defendant, after a trial *de novo* in the circuit court without a jury, was convicted of the offense of refusing, contrary to the provisions of Revised Laws of Hawaii 1945, section 7342, paragraph 8, to deliver a certificate of ownership in a motor vehicle to a transferee entitled thereto. Such misdemeanor is punishable by "a fine of not less than five, nor more than one thousand, dollars or by imprisonment for a term not exceeding one year, or by both fine and imprisonment." (R. L. H. 1945, § 7348.) The defendant was sentenced to pay a fine of fifty dollars. He was placed on probation for a period of three years. No sentence or term of imprisonment was

imposed or designated, the entire matter being suspended during probation. It is pertinent to state, therefore, that the defendant is subject to the imposition of the maximum sentence of one year in jail should the court, upon terminating his probation before the expiration of the three-year period, deem such a sentence to be warranted within the exercise of its judicial discretion. (See R. L. H. 1945, § 10846.)

Only one specification of error need be considered for the purposes of this opinion. That specification presents the paramount questions of whether or not the defendant by his conduct waived the right to a trial by jury and whether or not the trial judge properly proceeded to try the case without a jury both as to the facts and the law, pursuant to the provisions of section 10825 of Revised Laws of Hawaii 1945.

The right involved in the question presented is one of ancient origin. It has its inception in that great document of human liberty, the Magna Charta of England. It was one of the most cherished heritages of the founders of our nation. It is safeguarded in the Constitution of the United States by guarantees that "The Trial of all Crimes, except in cases of Impeachment, shall be by Jury" (U. S. Const. Art. III, § 2); that "No person shall be * * * deprived of life, liberty, or property, without due process of law * * * " (U. S. Const. Amend. V), and that "In all criminal prosecutions, the accused shall enjoy the right to a * *·* public trial, by an impartial jury * * *." (U. S. Const. Amend. VI.) These constitutional guarantees extend to the Territory of Hawaii. (See *Thompson* v. *Utah,* 170 U. S. 343; *Farrington* v. *Tokushige,* 273 U. S. 284; *Patton* v. *United States,* 281 U. S. 276; *Duncan* v. *Kahanamoku,* 327 U. S. 304.) But this guaranteed right inclusive of the protection afforded by it may be waived by the accused even after the commencement of trial. (*Patton* v.

180

*United States, supra; Powell* v. *Alabama,* 287 U. S. 45; *Johnson* v. *Zerbst,* 304 U. S. 458; *Adams* v. *United States ex rel. McCann,* 317 U. S. 269; *House* v. *Mayo,* 324 U. S. 42; *White* v. *Ragen,* 324 U. S. 760; *Hawk* v. *Olson,* 326. U. S. 271; *Ter.* v. *Van Dalden,* 33 Haw. 113.) In this jurisdiction it is a matter of statute that an accused "may * * * waive the right to a trial by jury" in any criminal case not involving the death penalty. (R. L. H. 1945, § 10825.)

Nevertheless, the courts indulge every reasonable presumption against waiver of such a fundamental right and do not presume acquiescence in its loss. (See *Johnson* v. *Zerbst, supra; Hodges* v. *Easton,* 106 U. S. 408; *Aetna Ins. Co.* v. *Kennedy,* 301 U. S. 389.) Before it may be said that an accused has waived his right to a trial by jury, it must affirmatively appear that he knows he possesses such a right, is competent to exercise an informed judgment of relinquishment or abandonment and does so intelligently and voluntarily. (*Adams* v. *United States ex rel. McCann, supra; House* v. *Mayo, supra.*) That a grave responsibility rests upon a trial court not to deprive an accused of such a highly regarded right is evident from its very nature, which dictates that the accused's life, liberty, or property shall not be taken from him except by the joint action of the court and an impartial jury of twelve persons. An accused in a criminal case is not deemed to have waived a jury trial by not making a written demand for one as are the parties in a civil case. (See R. L. H. 1945, §§ 318, 10106, 10108.) Nor does the status of a criminal case as one to be tried by a jury depend upon such a demand, but is fixed *eo instante* at the inception of the case in the circuit court. That status remains unchanged until the accused himself by express stipulation or by conduct has indicated a waiver of the right to be tried by a jury, but the change in status, effected thereby, to that of a case to be tried without a

jury can be operative only where the court itself is a party of record to it. In other words, not only must there be a waiver by the accused, but it must be "with the consent of the court * * * either by written consent filed in court or by oral consent in open court entered on the minutes." (R. L. H. 1945, § 10825.) There is thus invited by statute the court's protection against any deprivation of the accused's right to a trial by jury, which the right, of itself, invokes. This protection underlies any change of status from that of a case to be tried with a jury to that of one to be tried without a jury. It is afforded by a judicial determination, express or implied, that a voluntary and intelligent waiver has been made in fact, such determination being presupposed by the statutory requirement of the court's consent. The existence of waiver or the form it may take is not regulated by statute, but depends in each case upon the particular facts and circumstances, including the background, experience and conduct of the accused.

In this case the circuit court acquired jurisdiction of the Territory's cause and the defendant's person upon a notice and certificate of appeal which twice signifies that a "jury trial" had been "demanded" by the defendant. This state of the record created a strong presumption against waiver (see *Stevens* v. *Mutual Protection F. Ins. Co.*, 84 N. H. 275, 149 Atl. 498, 69 A. L. R. 624) and constituted a cogent reason for the trial judge to keep the case on the jury-trial calendar until an actual waiver had been made with an expressed consent of court as prescribed by statute. However, the trial judge did not indulge in the presumption and neither kept the case on such calendar nor determined or consented to waiver, his attention at that time not being directed to the state of the record. The defendant appeared in person without an attorney, answered "ready" and submitted to a trial without a jury.

This conduct of the defendant and that of the trial judge in so proceeding to trial without a jury are inconsistent with the signified demand for a jury trial, but these are not the conducts dealt with by the questions presented, the defendant's being neither the subject of any judicial determination of waiver nor the object of any recorded consent of court and the trial judge's not being the material part of the grievance under consideration. It was not until after the prosecution had rested and during the defendant's examination of his first witness that the trial judge discovered there was no determination of waiver in the record and no consent filed in court or entered on the minutes. The trial judge thereupon interrupted the proceedings and, because of such negative state of record, attempted to judicially determine and orally consent to waiver which he purported to do in the following colloquy between himself and the defendant:

"The Court: Mr. Lantis, just for the purpose of the record here, McGregor did appear for you and he advised the court that he was waiving jury trial. Now is that correct?

"Mr. Lantis: Jury trial? I don't know anything about a jury trial.

"The Court: He advised me that there was a waiver of jury trial. I want to straighten this record out. There are two ways of trying a case, one, by jury, and the other, before the court.

"Mr. Lantis: It is all right the way it is.

"The Court: All right. Let the record show he waived jury trial."

Unquestionably the "McGregor" referred to was an attorney licensed to practice in the circuit court and claimed by the defendant to be under retainer from him. But the record is silent as to whether this attorney at any time appeared with the defendant, either in open court or

in chambers, nor does it establish that he had the authority to waive jury trial. Hence the attorney's advice to the trial judge "that he was waiving jury trial" was not binding upon the defendant, it not having been made in the defendant's presence or in open court, nor did the defendant ratify it upon notification, which disposes of that part of the colloquy.

The colloquy, however, marks the extent of the trial judge's inquiry into the field of waiver. The inquiry arose at a time toward the close of trial when obviously it was difficult for the defendant, whose liberty and property were at stake, to take any position which could be interpreted as being in opposition to that of the trial judge, nor was the defendant asked whether he wanted a jury trial or desired to relinquish the right thereto. He was without counsel and his attention primarily directed to a court record which was not before him and in which he had no particular interest. These are some of the facts and circumstances which rendered it doubly important that the fundamental right involved be made definite and clear to the defendant.

The defendant's part in the colloquy is threefold and consists of a query: "Jury trial?," an admission of a lack of knowledge upon the subject of a jury trial and a response that "It is all right the way it is," which the trial judge apparently deemed to be a waiver of the right to a trial by jury. Relative thereto, the trial judge stated: "All right, let the record show he waived jury trial," which is noted on the minutes by the entry: "Defendant appeared in person—waives jury trial."

Assuming without deciding that the mere form of both the conclusion of a factual waiver of jury trial made in open court and that entered on the minutes satisfied the requirements of the statute, such does not suffice unless the substance thereof constitutes a valid consent, conditioned

upon a waiver in fact to which such a consent could relate as contemplated by the statute.

It is understandable that the trial judge inferred a waiver of jury trial because the response is expressive of a tacit approval of the way of trial, already taken, without a jury. But this court is of the opinion that he did so too lightly. The response amounted to nothing more than the opinion of a mere layman accused of crime and is entitled to no more weight than the information upon which it is predicated. The defendant's preceding query and admission of lack of knowledge concerning a jury trial indicated an insufficiency of information and an incompetency to exercise an informed judgment. It was therefore the duty of, and incumbent upon, the trial judge to explain to the defendant the function and advantages of a jury trial and to inform him of his constitutional right to be tried by a jury, regardless of the court's inconvenience should that right be exercised. This duty was not met and the indicated insufficiency and incompetency remained.

The total information supplied to the defendant by the trial judge does not purport to be definitive of a jury trial or informative of the right thereto. It merely points to the fact that a jury trial is one of two ways to try a case. It did not inform the defendant of the essentials necessary to choice or that a jury trial of one accused of crime is guaranteed by the Constitution of the United States for his protection, so that the defendant could appreciate the implications to which the guarantee gave rise. It therefore did not place the defendant in a position to appraise the advantages of a trial with a jury over possible disadvantages of one without a jury. Hence the colloquy did not establish any reason upon which to say that the defendant's response constituted an exercise of an informed judgment to forego the advantages of a jury

trial. On the contrary, such response apparently was given more in deference to the trial judge's concern and anxiety over the state of the record than to a disposition to acquiesce in the loss of a constitutional right.

Certainly within the confines of the colloquy the response was not a proper basis for either a judicial determination of, or a court's consent to, an intelligent waiver of the constitutional right of trial by jury, nor do the facts and circumstances including the defendant's background, experience and conduct, extending beyond such colloquy, make it one. Such facts and circumstances will be considered briefly in connection with presumptions generated at the time the circuit court acquired jurisdiction of the cause.

Although the defendant's notice of appeal in signifying a demand by him for a jury trial gave rise to a presumption that he knew of the existence of the right to a trial by jury, that presumption is a rebuttable one. The notice employed here is a printed form prepared by the district court for the convenience of appealing litigants, both civil and criminal, and contains opposite the words "Jury trial" the word "demanded" and the word "waived," the latter in this case being deleted by typewriter. It does not appear who did the typing nor that the defendant acted advisedly with respect to a known right. The record does not show what his legal or educational qualifications were, or what his prior court experience was other than that obtained in the district court where there is no jury and where the defendant had no attorney. Upon this state of the record the inference is that the defendant, if he deleted the word "waived," did so and signed the notice *pro forma* without the knowledge that a jury trial in the circuit court was a matter of right or likewise signed after someone else, presumably a clerk, had made the deletion. Such inferred lack of knowledge at that time is consonant

to the subsequent passive submission to a trial without a jury in the circuit court and the answering admission of ignorance made in the colloquy. The inference is therefore reasonable. It rebuts the presumption of a known right and at the same time strengthens the prevailing presumption against waiver which also arose from the demand for a jury trial signified in the notice. Correlative thereto, no citation of authorities is necessary to say that ignorance of a right effectively negatives the proposition that such right has been waived. (See, however, 56 Am. Jur. 114, § 14.) But assuming *arguendo* that the presumption of a known right had not been rebutted, there is nothing in the record to show that such right had been waived by the defendant with the court's consent or to rebut the strong presumption against waiver of that right where, as here, the defendant was without the advice of either counsel or court and an informed judgment from him was neither sought nor obtained.

It follows that the burden of proving an intelligent waiver of a known right to a trial by jury in the circuit court has not been sustained by the record which renders the court's oral consent invalid. As a matter of law, therefore, the defendant should have been tried by a jury and the trial without one deprived him of his constitutional right to a jury trial. Consequently, a new trial is warranted.

Judgment reversed and the cause remanded below with instructions to grant a new trial in conformity with this opinion.

*J. E. Collins* (*Smith, Wild, Beebe & Cades* also on the briefs) for plaintiff in error.

*T. Suyenaga,* Assistant Public Prosecutor, City and County of Honolulu (also on the brief), for defendant in error.

I am unable to agree that the defendent did not definitely and knowingly waive his right to a jury trial in one of the two ways in which such a waiver may be made as provided in section 10825 of Revised Laws of Hawaii 1945. If a defendant can legally consent to a continuation of his trial before eleven jurors after one of the twelve became ill and had to be withdrawn as was held in *Patton* v. *United States,* 281 U. S. 276, I see no reason why one who has not properly waived jury trial prior to the beginning of his trial cannot cure that defect by waiving his right in the midst of trial. I think it is "splitting hairs" to say that the defendant in the instant case did not indicate his intent to waive jury trial when he told the court, "It is all right the way it is." Likewise the court gave its consent when it announced, "All right. Let the record show he waived jury trial."