EMMA M. RICHARDSON, PROSECUTRIX, v. STATE BOARD
OF CONTROL OF INSTITUTIONS AND AGENCIES, DE-
FENDANT.

Argued November 8, 1922—Decided June 21, 1923.

1. Prosecutrix was convicted by a single judge, in a summary pro-
ceeding without a jury, for an alleged violation of section 9 of
"An act concerning the welfare of children" (*Pamph. L.* 1915, *p.*
441), the offence amounting to an assault and battery upon a
child under the care and custody of the prosecutrix. *Held,* that
as the offence was one indictable at common law, the offender
could only be punished after an indictment, trial and conviction
by a jury.
2. A person going to trial, without objection, before a judge sitting
without a jury, for a common law offence, does not thereby confer
jurisdiction upon the judge over the subject-matter. Waiver of
indictment and trial by jury can only be had by a written ap-
plication by the accused in the statutory method.
3. A parent had a right at common law to moderately chastise his
child, and this right was possessed by those who stood *in loco
parentis.* Hence, a statute which aims to prevent unnecessarily
inflicting severe corporal punishment upon a child does not pro-
hibit an offence which in effect amounts to an assault and battery
at common law.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutors, *Lewis Starr* and *Joseph Beck Tyler.*

For the defendants, *Grover C. Richman,* assistant attorney-
general, and *Thomas F. McCran,* attorney-general.

The opinion of the court was delivered by

KALISCH, J. The prosecutrix was a member of the board
of trustees and chief executive officer of the Mary J. Ball
Home and Day Nursery, a home for dependent children, who
are maintained in part by private, municipal and county
funds. The institution was organized and incorporated under
the laws of New Jersey, for purely philanthropic purposes.

The prosecutrix was convicted by John B. Kates, judge of the Camden County Quarter Sessions, in a summary proceeding instituted before him, sitting as a special tribunal, under an act entitled "An act concerning the welfare of children," approved April 8th, 1915 (*Pamph. L., p.* 441), on a complaint which, in substance, charged her that on the 22d day of September, 1921, and on divers dates thereafter, she did, upon one Arthur Reed, then and there an inmate of said home and being in her care and custody, inflict "unnecessary severe corporal punishment and physical suffering and pain" upon one Arthur Reed and "cruelly treat and abuse the said Arthur Reed by willfully striking him with her clenched fist on the back of his neck at the base of his brain, and not less than four times, and by beating him repeatedly with not less than twelve strokes of a whip, that is, a strap known as a "cat and nine tails," on various parts of his body, namely, on his back and buttocks and across one of his eyes, all of which is contrary to and in violation of the statute in such case made and provided."

Before judgment was pronounced upon the conviction, a motion was made on behalf of the defendant in arrest of judgment upon the following grounds:

1. That the statute upon which the proceedings were founded was in violation of section 7 of article 1 of the constitution of this state, in that it deprived the accused of the right of trial by a jury and also was in violation of section 8 of article 1, which provides that "in all transactions the accused shall have the right to a speedy and public trial by an impartial jury," &c.; and was also in violation of section 9 of article 1, which provides that "no person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury."

2. That the statute is in violation of subdivision 4 of section 7 of article 4 of the constitution, which provides that every law shall embrace one object, that shall be expressed in the title.

3. That the statute requires the judge of the Court of Common Pleas to enforce the provisions thereof and imposes

duties which do not inhere in or appertain to their judicial office, and such provisions are, therefore, void.

4. That the proceedings were initiated before John B. Kates, judge of the Court of Common Pleas, sitting as a magistrate or special statutory tribunal, and no final judgment was pronounced upon the conviction had before him at the time his term of office had expired, his successor in office, Samuel M. Shay, who pronounced judgment on the defendant on the conviction had before John M. Kates, was without jurisdiction to do so.

There is a stipulation in the case to the effect that "the prosecutrix was present at the trial in person and was represented by counsel and did not, either before or at any time throughout the trial of the case, object to the proceeding instituted against her for the reason that no indictment had been found against her, but introduced her defence upon the complaint filed in the cause, nor did the prosecutor demand a trial by jury or object to proceeding to trial without a jury, but proceeded to trial before the judge of the Court of Quarter Sessions of the Peace in and for the county of Camden."

The principal contention on behalf of the prosecutrix is that she could not be lawfully convicted of the offence charged in the complaint without an indictment and trial by jury.

The complaint is manifestly founded on a declaration of section 9 of the statute above referred to, under the subdivision, "Cruelty B" (*Comp. Stat. Supp.*, 1911-1915, *p.* 802), which reads: "Cruelty to a child shall consist in any of the following acts: (a) inflicting unnecessarily severe corporal punishment upon a child or children * * * " The prosecutrix having the care and custody of the child stood *in loco parentis* to it and, therefore, could lawfully inflict such a degree of punishment as the parent could under the circumstances of the case.

Bishop (1 *Bish. Cr. L.* (*5th ed.*) 881), says: "The general proposition is that the parent may inflict *moderate correction* such as is reasonable under the circumstances of the case. If he goes beyond this he is indictable for assault and battery." Cases in support of the proposition are cited in the footnotes.

The complaint sets out in express terms that the punishment was unnecessary and there can be no difference of opinion if the facts stated in the complaint are true that it was a most brutal assault and battery and merited the finding of an indictment; and on conviction a more adequate punishment than could be inflicted under the statute upon which the prosecution was based.

There were two similar charges of assault and battery alleged to have been committed by the prosecutrix, on Elmer Reed and William Reed, embodied in the complaint we are considering, equally atrocious in character. The complaint having been treated as a whole, in that it charged the prosecutrix with cruel conduct, and invoked a single conviction and judgment, we deemed it unnecessary to deal with the charges separately.

But the fundamental fact remains undisturbed that though the prosecutrix was charged with the assaults and batteries referred to, she was tried and convicted of the crimes charged, without an indictment having been found and a trial by jury.

The offences charged being indictable and triable by jury the prosecutrix could not be lawfully prosecuted for those acts under the statute, relating to the welfare of children. In *State* v. *Rodgers*, 91 *N. J. L.* 212, Justice Trenchard, speaking for the Court of Errors and Appeals (at *p.* 214) said: "No doubt the legislature has power to provide for the punishment of an offence which is disorderly conduct merely and not an offence indictable at common law, by summary proceedings without indictment and trial by jury." Cases cited. See *Ex parte Newkosky*, 116 *Atl. Rep.* 716.

We think, therefore, the judge, sitting as a special tribunal, was without jurisdiction of the cause.

The parties by going to trial without objecting could not lawfully confer jurisdiction on the court over the subject matter. *Collins* v. *Wheaton*, 85 *N. J. L.* 508; *Hadelman* v. *Harris*, 93 *Id.* 66.

Nor can it be successfully maintained that the prosecutrix waived an indictment and trial by jury by going to trial without objecting to the procedure, since waiver of indictment

and trial by jury can only be accomplished under the statute relating to trials in a Court of Special Sessions, held by the Quarter Sessions Court, by an application of the accused in writing to the court to be so tried and waiving indictment and trial by jury, which application must be consented to in writing by the court and prosecutor of the pleas.

The ·contention is made that the subdivision B of the statute, *supra,* is unconstitutional because it provides *inter alia* that cruelty to a child shall consist in inflicting unnecessary severe corporal punishment upon a child or children, thereby making assaults and batteries which are crimes indictable at common law subject to the summary proceeding by the statute without indictment and trial by jury.

It seems to us that this is an erroneous conception of the meaning of this provision of the statute. For it must be borne in mind, as has already been pointed out, that at common law the parent had a right to moderately chastise his child and which right was possessed by those who stood *in loco parentis* to the child. The prosecutrix stood in such relation. And it may be safely·asserted that all those in whose care, custody. and welfare of children are entrusted stand in the same relation, and may moderately chastise a child. By doing so no common law offence is committed. What the provision of the statute aims at is to prevent unnecessarily inflicting severe corporal punishment. The offence intended to be prevented by the statute is not the infliction of severe corporal punishment, but *unnecessarily* doing so. The questions to be tried out when such a case is presented is whether, there was a necessity for the punishment and if so was it severe. We cannot, therefore, say, viewing the matter in this aspect that the provision is unconstitutional. The fact that the pleader used the term unnecessary severe corporal punishment did not relieve him from setting up the facts which caused the punishment to be inflicted, for it·is quite obvious that the statement *unnecessarily* was a conclusion drawn from undisclosed facts. The prosecution relied on the assaults and batteries committed, and in that regard

we think the complaint did not come within the purview of the statute.

Nor do we think that the attack made upon the title of the act possesses any merit.

It is difficult to comprehend upon what rational basis it can be successfully maintained that a legislative act such as we are considering and bearing such a broad and philanthropic title does not express the object to be achieved by the provision in the body of the act, viz., prevention of cruelty to children entrusted to the care and custody of the "Home."

What element of the proper administration and conduct of the "Home" can be more germane to a child's welfare than kind and humane treatment! We can conjecture none.

The reason urged for a reversal, that the judge, before whom the cause was tried, pronounced no judgment upon the conviction, but that his successor in office gave judgment thereon, was not argued or relied on in the brief.

The judgment is reversed, for the reason that the prosecutrix was tried and convicted on charges of assaults and batteries, before a special tribunal, without an indictment and trial by jury, and further because the complaint upon which she was convicted does not come within the purview of the statute under which the prosecution was had.