## THE TERRITORY OF HAWAII *v.* HENRY IKI.

### NO. 2775.

ARGUED JUNE 18, 1952.          DECIDED DECEMBER 18, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

The plaintiff in error was indicted and convicted as accessory before the fact to the unlawful use of explosives. (R. L. H. 1945, § 11487.)

He was represented by counsel throughout the proceedings in the court below. Upon arraignment counsel waived formal reading of the indictment, requested and was granted one week for plea. Upon a plea of not guilty the court ordered the cause placed upon the "ready calendar" for trial. The record bears no reference to whether the "ready calendar" was segregated into jury trials and jury-waived trials. The court reporter's notes of proceedings preliminary to the day of trial add nothing to the minutes of the clerk regarding demand or waiver of trial by jury at the time of arraignment or plea.

Trial before a judge of the circuit court was concluded in two days, at the termination of which the defendant was found guilty as charged and he was subsequently sentenced. Upon exceptions to the judgment and sentence, writ of error was duly prosecuted to this court.

Assignment of error number 1 is the only one which will be considered. It assigns as error: "That the Court erred in trying the case without a jury, both as to the facts and the law, thus depriving the Defendant of his constitutional right to a trial by jury. (Vide: Clerk's minutes of all that transpired during the trial of defendant and original transcript of evidence)."

At the call of the cause on the day set for trial, the defendant and his counsel being present in open court, the following colloquy took place:

"THE COURT: Territory ready?

"A. Yes your Honor.

"THE COURT: Defense ready?

"A. Yes your Honor."

The trial thereupon commenced, the record bearing no reference to either the presence or absence of a jury at that or any other time during trial. Neither expressly, nor by act or conduct at any time during the course of trial did the defendant or his counsel demand or waive trial by

jury; nor does the record before us bear any statement or reference whatsoever of the trial being other than a jury-waived proceeding. It is also bare of all procedural steps or references to either a trial-jury panel, selection thereof or of instructions.

The Territory contends that an effective oral waiver of trial by jury was accomplished when in response to the inquiry (*supra*) the defendant through counsel replied: "Yes your Honor."

Section 10825 of the Revised Laws of Hawaii 1945 provides in part: "The defendant in any criminal case other than a case in which the death penalty may be imposed may, with the consent of the court, waive the right to a trial by jury either by written consent filed in court or by oral consent in open court entered on the minutes * * *." The statute provides two modes by which a defendant may accomplish a waiver of trial by jury, each with the consent of the court. They are mutually exclusive one of the other. The record contains no written or oral consent in the clerk's minutes, the transcript of the proceedings, or otherwise.

We do not construe the unqualified response of counsel as constituting such oral consent amounting to a waiver of trial by jury as is contemplated by the statute. The precise issue presented, while not unique in precedent, is nevertheless a highly controversial one and of such obvious import in the administration of criminal justice that it will be briefly reviewed.

In *Territory* v. *Lantis*, 38 Haw. 178, the defendant appeared *"propria persona"* and the trial commenced without jury. During the proceeding and after the trial was well under way, the presiding judge sua sponte interrupted to inquire whether the defendant would waive a jury trial. From the defendant's response it was obvious that he had not fully understood his right to a jury trial, although he

did state upon inquiry from the court that he waived trial by jury.

"THE COURT: Mr. Lantis, just for the purpose of the record here * * * did appear for you and he advised the court that he was waiving jury trial. Now is that correct?

"Mr. Lantis: Jury trial? I don't know anything about a jury trial.

"THE COURT: He advised me that there was a waiver of jury trial. I want to straighten this record out. There are two ways of trying a case, one, by jury, and the other, before the court.

"Mr. Lantis: It is all right the way it is.

"THE COURT: All right. Let the record show he waived jury trial."

In those circumstances this court held: "In this jurisdiction it is a matter of statute that an accused 'may * * * waive the right to trial by jury' in any criminal case not involving the death penalty. * * * Nor does the status of a criminal case as one to be tried by a jury depend upon such a demand, but is fixed *eo instante* at the inception of the case in the circuit court. That status remains unchanged until the accused himself by express stipulation or by conduct has indicated a waiver of the right to be tried by a jury, but the change in status, effected thereby, to that of a case to be tried without a jury can be operative only where the court itself is a party of record to it. In other words, not only must there be a waiver by the accused, but it must be 'with the consent of the court * * * either by written consent filed in court or by oral consent in open court entered on the minutes.' (R. L. H. 1945, § 10825.)"

In *Boaze* v. *Commonwealth,* 165 Va. 786, 183 S. E. 263, the cause was tried without a jury. The Virginia statute provided for waiver of trial by jury with the consent of

the accused, of the attorney for the Commonwealth, and of the court. The record was bare of consent, express or implied. The court noted: "Now, as we have seen, it is only necessary that the accused 'consent' but it is still necessary that this consent be in some manner made manifest. Something more than simple silence must appear. Not only does that consent not appear, but there is nothing to show that the attorney for the Commonwealth consented, and nothing to show the concurrence of the court beyond the fact that it did act."

In *Commonwealth* v. *Lash,* 151 Pa. Super. 601, 30 A. (2d) 609, the defendant was prosecuted in the court of quarter sessions (possessing criminal jurisdiction). The conviction was set aside by the trial court on the ground that the court was without jurisdiction, and that the defendant should have been tried by the municipal court under the juvenile court law. That statute provided that all adults violating its provisions would be tried by the juvenile court under juvenile court procedure which allowed trial by jury only if demanded for indictable offenses. On appeal it was held, in interpreting the statute, that waiver of trial by jury in a criminal cause was allowed in only one mode by the Pennsylvania statutes "with the consent of [defendant's] attorney of record, the judge and the district attorney."

In *Richardson* v. *State Board of Control,* 98 N. J. Law. 690, 121 Atl. 457, Richardson was tried and convicted for excessive punishment of children to whom she stood *in loco parentis.* The statute under which the proceeding was instituted defined degrees of punishment permissible, and vested jurisdiction of the lesser offenses in an inferior court; no provisions for trial by jury being applicable to that court. The complaint alleged a heinous type of assault and battery. It was held that since the offense alleged was an indictable one at common law the defendant should be

accorded the same rights as those available to persons prosecuted in criminal proceedings. "Nor can it be successfully maintained that the prosecutrix waived an indictment and trial by jury by going to trial without objecting to the procedure, since waiver of indictment and trial by jury can only be accomplished under the statute relating to trials in a Court of Special Sessions, held by the Quarter Sessions Court, by an application of the accused in writing to the court to be so tried, and waiving indictment and trial by jury, which application must be consented to in writing by the court and prosecutor of the pleas."

In *People* v. *Spinato,* 100 Cal. App. 600, 280 Pac. 681, it was held that the state constitution provided the exclusive method of waiver of trial by jury and no other method express, implied, or by conduct constituted an effective waiver of that right.

We find no precedent supporting the Territory's contention that the reply "Yes your Honor" to the trial judge's quaere "Defense ready?" constitutes either an express or implied waiver of trial by jury in a jurisdiction in which the procedure for waiving that right is expressly enumerated by statute.

This court in construing our statutory provisions has held that neither the trial of a criminal case, jury waived, nor the section now under consideration is violative of Article III, Section 2, Clause 3 or of the Sixth Amendment of the Constitution; and where a defendant has understandingly and voluntarily made an oral waiver in open court, the sole reference thereof being the notation in the clerk's minutes, "Trial. Jury waived," that such reference will, in the absence of evidence to the contrary be presumed to refer to a waiver of trial by jury. (*Ter.* v. *Van Dalden,* 33 Haw. 113.) In the record before us we find no such reference or conduct on the part of the defendant or his

counsel from which such waiver can be ·inferred or presumed.

Adhering as we do to the principle that where, such as here, a statutory method of waiver of this substantial right is prescribed, we hold that such procedure is exclusive and requires substantial compliance with its provisions. (*Ter. v. Van Dalden, supra; Boaze v. Commonwealth, supra; Commonwealth v. Lash, supra; Richardson v. State Board of Control, supra; People v. Spinato, supra.*)

The absence of such waiver, oral, written, or implied, effectively accomplished in compliance with section 10825 of the Revised Laws of Hawaii 1945, requires that the judgment be reversed and cause remanded to the circuit court for further proceedings in conformity with this opinion.

*G. Y. Kobayashi* (also on the briefs) for plaintiff in error.

*R. E. St. Sure,* Assistant Public Prosecutor (also on the brief), for defendant in error.